USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOUSING AND REDEVELOPMENT INSURANCE EXCHANGE,

                Plaintiff,

-against-

GUY CARPENTER & COMPANY, LLC,

                Defendant.

1:24-cv-02412 (MKV)

**OPINION AND ORDER DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Housing and Redevelopment Insurance Exchange ("Plaintiff" or "HARIE") asserts breach of contract, unjust enrichment, conversion, breach of fiduciary duty, fraudulent inducement and misrepresentation claims against Defendant Guy Carpenter & Company, LLC ("Defendant" or "Guy Carpenter"), invoking the diversity jurisdiction of this Court under 28 U.S.C. § 1332. *See* Amended Complaint ¶ 8 ("Am. Compl.," [ECF No. 26]). Before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a motion to strike Plaintiff's demand for punitive and consequential damages. *See* ECF No. 29.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in U.S. District Court in the Middle District of Pennsylvania. [ECF No. 1]. Defendant moved to dismiss, or in the alternative transfer to the Southern District of New York pursuant to a forum selection clause contained in the parties' contract. [ECF No. 11]. On March 29, 2024 this action was transferred and subsequently assigned to this Court. [ECF No. 17].

1

**LEGAL STANDARD**

At the outset of a lawsuit, a court must assure itself of its jurisdiction. *See United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170–71 (2d Cir. 2003). Subject matter jurisdiction "is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Therefore, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). And "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Under 28 U.S.C. § 1332, the Court has jurisdiction over controversies of "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). For diversity purposes, an unincorporated association has the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). Plaintiff, as the party seeking to invoke jurisdiction under 28 U.S.C. § 1332, bears "[t]he burden of persuasion for establishing diversity jurisdiction." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

**DISCUSSION**

The Amended Complaint alleges that Plaintiff is "a non-profit inter-indemnifactor reciprocal insurance exchange writing coverage for a limited membership of government insureds, including housing authorities redevelopment authorities and municipalities, and their subdivisions, in the Commonwealth of Pennsylvania, and it maintains its principal place of business in

Pennsylvania." Am. Compl. ¶¶ 2, 10. Plaintiff fails to clearly identify what type of business entity or organization it is, *i.e.* whether it is a corporation or some type of unincorporated business entity, like a partnership or an LLC. The answer to that question dictates whether there is diversity of citizenship, and therefore whether this Court has subject matter jurisdiction. For example, if Plaintiff is a corporation, then its citizenship is determined by its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). If Plaintiff is some type of unincorporated business entity, like a partnership or an LLC, its citizenship is determined by the citizenship of each of its partners or members. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (partnership); *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (LLC). For an unincorporated association, the citizenship of each member must be diverse from all defendants. *See Carden*, 494 U.S. at 195 ("diversity jurisdiction in a suit by or against the [unincorporated] entity depends on the citizenship of 'all the members' "); *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931–35, (2d Cir. 1998) ("federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exist" therefore, "each and every Name whom the lead underwriter represents must be completely diverse"); *see also ANHAM USA, Inc. v. Afghan Glob. Ins., Ltd.,* No. 23-CV-2763, 2024 WL 3362991, at *6 (S.D.N.Y. July 10, 2024) ("because the court lacks information as to the identity, let alone the citizenship, of the Names involved in the case, and because a court must consider the citizenship and amount in controversy *as to each Name* for the purposes of diversity analysis, Plaintiffs have not met their burden to show complete diversity") (internal quotations and citations omitted) (emphasis in original). Plaintiffs have not properly alleged its own citizenship for purposes of invoking this Court's diversity jurisdiction.

Furthermore, the Amended Complaint alleges, "[u]pon information and belief, Guy Carpenter was and is a limited liability company" whose sole member is Marsh U.S.A., Inc., a Delaware corporation with its principal place of business in New York. Am. Compl. ¶¶ 3–5. Therefore, Plaintiff alleges that upon information and belief, Defendant is a citizen of Delaware and New York. Am. Compl. ¶ 6. While Plaintiff is correct that for purposes of diversity, the citizenship of Defendant, an LLC, is determined based on the citizenship of its members, the Court notes that these allegations of jurisdiction, based solely upon information and belief are also somewhat lacking. *See Michael David Properties LLC v. Cont'l Cas. Co.*, No. 2:24-CV-3600, 2025 WL 267728, at *2 (E.D.N.Y. Jan. 22, 2025) (assertions "made only 'upon information and belief' are insufficient to establish [a party's] citizenship"); *see also Coward v. Nat'l R.R. Passenger Corp.*, No. 24-CV-7562, 2024 WL 4805861, at *2 (E.D.N.Y. Nov. 13, 2024) (finding that an allegation that a sole member of an LLC was based upon information and belief without adequate basis was insufficient to properly invoke diversity jurisdiction); *see also Snyder Corp. v. Fitness Ridge Worldwide, LLC*, 2018 WL 1428254 at *2 (W.D.N.Y. 2018) (finding that the burden of establishing diversity requires affirmative statements of all LLC members and allegations upon information and belief are insufficient).

Based on the facts alleged in the Amended Complaint it is not clear whether there is complete diversity of citizenship, and the Court must not assume that it has the power to hear this case. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019) ("A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence."). Therefore, the Amended Complaint must be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the reasons set forth above, Plaintiff's claims are dismissed *without prejudice* for lack for subject matter jurisdiction. *See Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."). However, Plaintiff is granted leave to replead, by filing a further amended complaint no later than March 31, 2025, to cure the jurisdictional deficiencies the Court has identified.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 29.

**SO ORDERED.**

Date:  **March 17, 2025**        _____
       **New York, NY**                        **MARY KAY VYSKOCIL**
                                    **United States District Judge**